PREMIUM FINANCE COMPANY, INC., Thomas M. Wright and Robert L. Wright, Sr.

v.

EMPLOYERS REINSURANCE CORPORATION.

Civ. A. No. 89–1240.

United States District Court, W.D. Louisiana, Alexandria Division.

March 28, 1990.

**376**

E. Keith Carter, James Charles McMichael Jr., Blanchard, Walker, Oquin & Roberts, Shreveport, La., and Nelson M. Lee, Bunkie, La., for plaintiffs.

Seale, Smith, Zuber & Barnette, James H. Morgan, III and William C. Kaufman, III, Trial Attys., Baton Rouge, La., and Stafford, Stewart & Potter, Larry A. Stewart, Alexandria, La., for defendant.

## RULING

LITTLE, District Judge.

As its name implies, Premium Finance Company, Inc. loans money to would-be insureds so they can acquire or retain insurance. Premium was approached by Andre Coco as chief operating officer of the Edgar Coco Agency, Inc., a general insurance agent, to arrange financing for some of the Coco Agency customers. Andre Coco submitted seemingly valid paperwork to Premium and based on that seemingly valid documentation Premium advanced money to Coco Agency to fund the premium payment for the Coco Agency customers.

The seemingly valid paperwork was in fact an unseemly product prepared by the insidious Andre Coco and consisted of mythical clientele and forged documents. Premium had been had. Andre Coco is the subject of a multicount criminal indictment in Avoyelles Parish, State of Louisiana, and Coco Agency filed for Chapter 11 relief in bankruptcy court.

Premium sued Employers Reinsurance Corporation in this court. Employers Re issued a policy to the Coco Agency providing coverage to that agency for damages which the agency, through its employees in the ordinary course and scope of their employment, may be responsible. The mission of Premium is to recover the money bilked from it by Andre Coco plus the pyramid of punitive damages provided by the now well known, and inconsistently interpreted, RICO Act.

The foregoing factual recitation has been gleaned from appropriate documentation filed in the record and about which there is not a serious dispute. There is a dispute, however, as to the applicability of the policy issued by Employers Re to the demand of Premium. Employers Re filed a motion for summary judgment seeking its dismissal from this lawsuit on three grounds.

(a) The acts of deception practiced by Andre Coco on Premium did not arise out of the conduct of the business of rendering services for others as a general insurance agent. Coverage is denied in the policy for damages resulting from such activity.

(b) Premium's claim is for recovery of premiums paid and coverage for such a claim is specifically excluded in the policy.

(c) The insurance doesn't cover indemnity for the RICO claim.

To a great extent the defendant's motion is denied, to a lesser extent, defendant's motion is granted.

### A

Coverage is afforded for liability experienced by the insured for damages caused by

Any negligent act, error or omission of the Insured or any person for whose acts

the Insured is legally liable ... arising out of the conduct of the business of the Insured in rendering services for others as a general insurance agent,....

(Section I—Policy attached to defendant's motion for summary judgment). Defendant posits that Andre Coco's presentation of bogus potential premium debtors together with forged documents could not be classified as "conduct of the business of the Insured in rendering services for others as a general insurance agent." That which falls within the pale of the conduct of a general insurance agent is open to dispute, at least for summary judgment purposes. The affidavit of Mr. Thomas M. Wright (at times a principal in Premium) attests to having personal experience as a general insurance agent. He further states that the negotiation of a credit source to provide premium financing for the agent's customers is a customary and integral part of the conduct of a general insurance agency. The fact that Andre Coco did procure a financing source for a non-existent client does not produce a paucity of coverage. The clause, in this court's opinion, is designed to eliminate coverage for an act not usually performed by an agent. For example, if a general insurance agent sells a stolen car claiming that a customer had given him the car in full satisfaction for a past due premium, then the defrauded car purchaser may have some difficulty recovering against the agency's insurance carrier. In this case, that which was done may well be an activity conducted by a general agent. This court will not hold that the act of the agent is so clearly beyond the policy language as to justify the granting of a summary judgment.

### B

█ The policy does not cover a claim for "the failure to collect, pay or return premiums." Employers Re categorizes Premium's demand as a claim for return of premiums. Employers Re reasons that Premium advanced money to pay premiums, the premiums were never paid (the money was allegedly kept by Andre Coco) and Premium has sued for return of the premium money. That argument, for sum-

mary judgment purposes, is without merit. Premium never paid a premium. Premiums are owed by the insured. Premium is not the insured under any contract of insurance and was never intended to be an insured. Premium loaned money to a debtor for the purpose of providing the debtor with a source of funds to pay a premium. Premium's claim is not for a return of premium, it's for return of money purloined through artifice and fraud. Summary judgment will not lie on that issue.

### C

█ Plaintiff may have a RICO claim, but not against Employers Re, at least as to any sum over and above the amount of money stolen from the plaintiff. For reasons which judges have recorded in the federal venue, including the undersigned, cited in the Premium brief, we will GRANT the motion for summary judgment as to any claim for funds in excess of that actually illegally acquired from the plaintiff. Nothing could be further from the purpose of the RICO legislation than to allow a wrongdoer to insure his quasi criminal activity so that his punitive and exemplary damages would be paid by a commercial insurer. That's not an acceptable manner of fighting crime.

An appropriate judgment will issue.